[No. 11010.  Department Two.  September 11, 1913.]

JEANE SAGE HOTCHKIN et al., *Respondents*, v. WENATCHEE HEIGHTS ORCHARD COMPANY, *Appellant*.[1]

WATERS AND WATER COURSES—IRRIGATION—CONTRACTS—PERFORM-ANCE—QUESTION FOR JURY. The failure of a water company to furnish water as covenanted in its deed, is for the jury, where there was evidence that, at the time the water was most needed to mature a crop, the flume carried very little water or was entirely dry, and upon demand no water was furnished except at intervals and in limited quantities.

SAME—CONTRACTS—CONSTRUCTION. A contract to furnish water for irrigation to the amount of two acre-feet per acre during the irrigation season from April 1st to November 1st, the water to be taken subject to the reasonable regulations as to time and place of taking, obligates the company to furnish water on a reasonable demand, in such quantities as the ditches will carry up to the limit specified, and a failure to do so is a breach of the contract.

SAME—FAILURE TO FURNISH WATER—DAMAGES—EVIDENCE. In an action for breach of contract to furnish water for irrigation, resulting in the loss of an apple crop in 1909, it is proper to exclude defendant's evidence of the apple crop produced in 1907, before the plaintiff purchased the land; but it is not prejudicial error to exclude evidence of the crop produced in 1911, where the defendant was allowed to show the crops produced in 1908 and 1910; since the same was not very material.

Appeal from a judgment of the superior court for Chelan county, Grimshaw, J., entered May 9, 1912, upon the ver-

[1]Reported in 134 Pac. 1055.

dict of a jury rendered in favor of the plaintiffs, in an action on contract. Affirmed.

*Williams & Corbin* and *Parr & Hubbard*, for appellant.

*Reeves, Crollard & Reeves*, for respondents.

Fullerton, J.—On July 24, 1908, the appellant sold and conveyed to the respondents a tract of orchard land, containing a bearing apple orchard, covenanting and agreeing in the deed of conveyance,

"to furnish water for irrigating purposes for said premises to the amount of two (2) acre-feet of water per acre for all of said premises . . . during the irrigation season, beginning April 1st and ending November 1st each year; said water to be taken from ditches, pipes or flumes of the grantor either at the boundary line of said premises, or on said premises, . . . subject to the reasonable regulation as to place of taking and time and manner of such use by and under supervision of the water superintendent of the grantor, . . ."

In this action, the respondents recovered against the appellant for the partial loss of the apple crop grown upon the premises mentioned during the season of 1909, caused, as they alleged, by the failure of the appellant to furnish a sufficient supply of water to mature such crop, or the supply covenanted to be furnished in the deed of conveyance. The cause was tried below to the court and a jury. On the trial, at the conclusion of the respondents' case in chief, the appellant moved for a nonsuit, basing its motion upon the ground that the evidence was insufficient to justify a verdict against it. After the return of the verdict, it moved for judgment notwithstanding the verdict, and in the alternative for a new trial, basing the latter motions in part upon the same ground. These motions the trial court overruled, and entered a judgment upon the verdict. This appeal followed.

The appellant first assigns that the court erred in refusing to sustain its several challenges to the sufficiency of

the evidence. It contends that there is no competent evidence tending to show a breach of its covenant to furnish water. It is argued that the respondents rely upon inferences, drawn from the shortage of the apple crop to sustain the claim of a shortage of water, while the record contains the positive statement of the manager of the appellant, based upon actual measurements, to the effect that there was at all times sufficient water in the canal to supply the respondents with the quantity contracted for had they but used it.

But we find the evidence of the respondents on the question more direct than the appellant concedes. The father of one of the respondents, who had actual charge of the orchard, testifies that, at the time when the water was necessary for the maturity of the crop, there was for long periods of time but a small quantity of water in the appellant's flume, and at other times it was absolutely dry ; that he repeatedly called the attention of the appellant to this condition and demanded that water be furnished, but that, while promises were made to the effect that water would soon be forthcoming, no water was furnished except in limited quantities at intervals too far apart to enable the crop to mature. In his statements as to the quantity of water furnished and in the manner in which it was furnished, he is corroborated by the testimony of other witnesses, disinterested, at least, in the particular matter in litigation. There was here clearly a substantial conflict in the evidence, and this is sufficient to carry the question to the jury.

The appellant argues, however, that it is not obligated to furnish all of the water at once, or at any particular time less than the aggregate time of the actual irrigating season, and that the evidence fails to show that its contract was not complied with as thus interpreted. But we do not think the contract will bear this construction. It was not intended that the respondents should be obligated to take water when it would be of no benefit to their orchard. The contract was intended to be practical, and a reasonable interpre-

tation of its provisions must be given. By the terms of the contract the appellant has the right to make regulations as to the place of taking the water from its canals or ditches, and as to the time and manner of its use, but in the absence of such regulations it is obligated to furnish water on the reasonable demands of the respondents in such quantities as their ditches will carry up to the limit of the quantity specified. Here the record fails to show that any rules such as the covenant in the contract contemplates were promulgated by the appellant, and its failure to furnish water on the demands of the respondents was a breach of its contract.

Three expert witnesses called by the respondents testified that the respondents' apple crop failed to mature in 1909, because of the failure to apply water at the proper season, and that two acre-feet of water properly applied would be ample to mature an apple crop on such lands. They gave an estimate also of the probable losses sustained by the failure of the apple crop to mature. In the course of the presentation of its case to the jury, the appellant offered to show the apple crop produced by the respondents' lands in the years 1907, 1908, 1910 and 1911. The court permitted them to show the crops for 1908 and 1910, but denied their right as to the other years. The refusal to permit them to show the crops for 1907 was clearly right, as it appeared that the respondents purchased the land subsequent to that time. But we find no reversible error in the ruling as to the year 1911. The evidence at best is not very helpful to the jury. The size of an apple crop depends so largely upon the season, and the degree of care taken of the orchard in the particular year and preceding years, that the size of the crop in one season is not much of an indication of what it is or will be in another. While no harm would come, perhaps, in admitting the evidence rejected, we are not prepared to hold that it requires a retrial of the issues.

The judgment is affirmed.

CROW, C. J., MAIN, and ELLIS, JJ., concur.